NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0391n.06

Case No. 20-2240

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 19, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| PARIS STEPHEN WELLS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

BEFORE: MOORE, CLAY, and STRANCH, Circuit Judges.

**CLAY, Circuit Judge**. Defendant Paris Wells appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Because the district court did not abuse its discretion when it determined that the 18 U.S.C. § 3553(a) factors weighed against release, we **AFFIRM** the district court's order.

BACKGROUND

Paris Wells is a 52-year-old African American male who is currently incarcerated at FCI Yazoo City Low in Mississippi. Wells suffers from high blood pressure and chronic chest pains. He was prescribed Hydroclorthiazide, Lisinopril, and Amlodipine for his conditions, which he receives daily from the Bureau of Prisons ("BOP").

On July 2, 2014, Wells pled guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), before a magistrate judge, and the district court accepted the plea on August 4, 2014. The district court sentenced Wells to 240 months of incarceration for his crime to be followed by three years of supervised release, which this Court affirmed on appeal. *See United States v. Wells*, 631 F. App'x 408 (6th Cir. 2015). The district court subsequently amended his sentence to 211 months after the United States Sentencing Commission lowered his Guidelines range. Wells has served over 90 months of his sentence, and he is scheduled for release on April 3, 2028.

On March 30, 2020, near the beginning of the COVID-19 pandemic, Wells filed a motion for compassionate release with the district court, which was denied because Wells had failed to exhaust his administrative remedies before filing the motion. On April 15, 2020, Wells submitted an administrative request to the warden at FCI Yazoo for home confinement. After more than thirty days had passed since he filed the request with the warden, on June 17, 2020, Wells refiled an amended pro se motion for compassionate release before the district court. The district court appointed Wells counsel for purposes of his motion for compassionate release. On June 26, 2020, the warden denied his request for compassionate release on the grounds that the BOP was taking steps to control the spread of COVID-19 in prisons and his concerns about potentially being exposed or contracting COVID-19 did not justify granting him an early release.

Wells' appointed counsel filed a supplemental brief in support of his motion to modify his sentence, arguing that Wells had demonstrated extraordinary and compelling reasons for release based on his high blood pressure and inability to socially distance—making him more vulnerable to contracting COVID-19. Additionally, counsel argued that the 18 U.S.C. § 3553(a) factors counseled in favor of early release. During his time at FCI Yazoo, Wells had no disciplinary

infractions, maintained steady employment as a janitor, and completed several educational and drug treatment programs while incarcerated. Counsel noted that Wells understood the seriousness of his previous conduct and regretted his previous decisions, and that any concern about sentencing disparities with other similarly situated defendants could be alleviated by imposing a period of home confinement or supervised release. The Laborers' Local Union 1191 also wrote to the court, stating the union could provide Wells with "steady and gainful employment" in construction upon his release. (R. 204, Laborers' Local Union 1191 Letter at PageID # 1170.) Finally, counsel argued Wells should be released so he could support his family, especially given that his son's mother was diagnosed with breast cancer.

The government opposed Wells' motion for compassionate release, arguing that Wells had not provided sufficient evidence of his medical conditions that would warrant him a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The government also contended that the § 3553(a) factors counseled against early release because of the nature of the offense and Wells' criminal history.

The district court denied Wells' motion for compassionate release. The district court assumed, for purposes of the order, that Wells had established extraordinary and compelling reasons for release, but found that the § 3553(a) factors weighed against early release. Specifically, the court noted the nature and circumstances of his conviction for heroin trafficking, in which he used an auto business as a cover and recruited someone into the conspiracy. The court also considered his criminal history, which involved armed robbery, controlled substance offenses, and possession of firearms. Additionally, the court noted that Wells' sentence was already below the recommended Guidelines range based on the statutory maximum and was necessary to provide adequate deterrence of Wells and others who would contemplate heroin trafficking. And, while

noting Wells' rehabilitative efforts, the district court said that the need for the sentence imposed—to reflect the seriousness of the heroin trafficking offense and provide adequate deterrence—would not support Wells serving less than half his sentence. This timely appeal followed.

**DISCUSSION**

"We review a district court's denial of compassionate release for abuse of discretion." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). A "district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (quoting *United States v. White*, 492 F.3d 380, 408 (6th Cir. 2007)). But "questions of statutory interpretation are reviewed de novo." *Id.* at 497.

Wells argues that the district court erred in denying his motion for compassionate release because he presented extraordinary and compelling reasons for release based on the COVID-19 pandemic along with his age and hypertension, and the § 3553(a) factors weighed in favor of his release. Under the compassionate release statute, a district court can modify a sentence if it finds that: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) consideration of "the factors set forth in section 3553(a) to the extent that they are applicable" support release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021). Following our decision in *Jones*, when a defendant files a motion for compassionate release, district courts "may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement [U.S.S.G.] § 1B1.13." 980 F.3d at 1111. And a district court "may deny a defendant-filed motion only when it finds either

that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

In the present case, the district court assumed that Wells had presented extraordinary and compelling reasons for release and denied his motion based on its consideration of the § 3553(a) factors. *See Jones*, 980 F.3d at 1111. We will similarly assume that Wells has presented extraordinary and compelling reasons for release and proceed to review the district court's balancing of the § 3553(a) factors. Regarding the district court's § 3553(a) analysis, Wells argues that the district court abused its discretion in failing to consider the changed circumstances since his original sentencing, including his rehabilitative efforts and disciplinary record while in prison; not holding a hearing on his motion for compassionate release; and not considering his extraordinary and compelling reasons for release as part of the § 3553(a) factors.

When deciding a motion for compassionate release, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision," *id.* at 1114, including, but not limited to, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . [and] to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(1)–(2). But "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court, a district judge need not specifically articulate its analysis of every single § 3553(a) factor." *Jones*, 980 F.3d at 1114 (cleaned up). In other words, district courts must provide the reasons for their decisions and "set forth enough to satisfy the appellate court that [they] had considered the parties' arguments and had a reasoned basis for exercising [their] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). And the district court can "deny

relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

In the present case, the district court did not abuse its discretion in finding that the § 3553(a) factors counseled against release. The district court noted that the nature and circumstances of Defendant's conviction were a "cause for concern" because he "used a legitimate auto business as a cover for his heroin trafficking operation . . . [and] was not just a minor participant in the conspiracy." (R. 215, Order Denying Mot. for Compassionate Release at PageID # 1495.) The court also considered Wells' criminal history involving armed robbery, controlled substance, and possession of firearm offenses. Additionally, the district court determined that the need for the sentence imposed weighed against a reduced sentence, because the sentence reflected a statutory maximum below the advisory Guidelines range, and "the sentence imposed was necessary for deterrence of Defendant and others who might contemplate dealing heroin." (*Id.* at PageID # 1495–96.) It then noted that Wells had served less than half his sentence at the time of his motion, and "[a] compassionate release sentence reduction would not reflect the seriousness of the crime and would not provide adequate deterrence." (*Id.* at PageID # 1496.)

The district court did consider his rehabilitative efforts while incarcerated, referring to them as "commendable," as well as his changed circumstances, noting his "strong family ties and a plan for housing if released." (*Id.* at PageID # 1495.) But the court reasonably determined that, notwithstanding these efforts, the other relevant § 3553(a) factors, including the nature of the offense, his criminal history, the need for adequate deterrence, and the seriousness of the offense, weighed against reducing his sentence to less than half of the term of imprisonment imposed at sentencing. Additionally, the court was not required to conduct a hearing on the motion for compassionate release; rather, the court needed to satisfy its "obligation to explain" its reasoning

and demonstrate that it "carefully considered all relevant § 3553(a) factors," which it did in the present case. *Jones*, 980 F.3d at 1114–15. The court did not need to explicitly consider Wells' need for medical care in its § 3553(a) analysis, and it implicitly did so after assuming the existence of extraordinary and compelling reasons for release based on his risk of contracting COVID-19 due to his age and hypertension. *See id.* at 1114 ("[A] district judge need not specifically articulate its analysis of every single § 3553(a) factor."). The district court provided reasons for its denial of Wells' motion for compassionate release, citing to the relevant § 3553(a) factors and the record; therefore, the court's decision was not an abuse of discretion.

## CONCLUSION

For these reasons, we **AFFIRM** the district court's order denying Wells' motion for compassionate release.